**Richard Meredith MIMS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 43480.**

Court of Criminal Appeals of Texas.

March 10, 1971.

Rehearing Denied May 12, 1971.

Charles Warren Van Cleve, Arlington, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr., and Edgar A. Mason, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is possession of marihuana; the punishment, five (5) years.

Appellant's first ground of error is that he was not properly warned prior to

entering a plea of guilty. The record reflects that prior to trial he was duly arraigned and upon entering a plea of guilty at such time was duly admonished of the consequences of his plea.

At the trial the indictment was read to the jury and appellant again pled guilty. At the conclusion of the State's case .in chief at appellant's joint trial with his wife, the appellant testified admitting his guilt and denied that his wife, Cynthia, knew that he had marihuana in his possession. Thereafter, it was discovered that at the time appellant entered his plea of guilty at the trial itself, he had not been admonished. In the absence of the jury, the court then offered to allow the withdrawal of the guilty plea but the appellant personally declined. Whereupon he was duly admonished by the court as to the consequences of his plea and he persisted in his guilty plea. The jury then returned and the trial proceeded. In Wilson v. State, 436 S.W.2d 542, this Court declined to reverse where the admonition was given and the plea of guilty accepted after the jury had been impaneled.

It is true that the State made no effort to re-offer the testimony which had preceded the trial admonishment. If there be any such requirement then it should be borne in mind that a plea of guilty to a felony charge before a jury admits the existence of all facts necessary to establish guilt and, in such cases, the introduction of testimony by the State is to enable the jurors to intelligently exercise the discretion vested in them by law concerning the penalty to be assessed. Darden v. State, Tex.Cr.App., 430 S.W.2d· 494.

Under the circumstances presented, we perceive no error.

He next complains of certain argument of prosecutor which he says was outside the record.

■ During the course of the prosecutor's argument, the following occurred:

"Now, you have seen in this trial what you have never seen before, and that is how the State itself is hedged in. In a criminal trial, our files are open to the defense counsel, and he has ample opportunity to go through them and to know before the trial what we have and what we know. The unfortunate thing is that you people don't get to know what we know, so you have to use common sense when you come into the jury box.

"MR. STREET (Appellant's Counsel): I object to that, these people get a chance to know everything that is legal that can be brought down here to the Court. They don't know what color his socks are, and things like that, because they are not important things, but then everything they are legally entitled to know, is brought in for their consideration, so I object to that.

"MR. WALVOORD (Prosecutor): I am making what I think is a proper argument based upon the facts in evidence in this case.

"The COURT: Well, I'll overrule the objection.

"MR. STREET: Note our exception."

While it is never proper for a prosecutor to imply to the jury that he knows more about the accused than the jury has been told, we do not conclude that the error is reversible under the circumstances presented. While such an argument was improper, no statute was violated and no new and harmful fact was injected in this case. Such is the test set forth in Vineyard v. State, 96 Tex.Cr.R. 401, 257 S.W. 548.

■ Appellant's last contention is that this conviction should not stand because the search of appellant's house was unlawful. No objection was made during the course of the development of the State's case and the appellant himself testified fully about his possession of marihuana. Sali-

nas v. State, 159 Tex.Cr.R. 619, 266 S.W. 2d 388. See also Darden v. State, supra.

Finding no reversible error, the judgment is affirmed.