Gary Steven **WEATHERSPOON**, Appellant,

v.

**The STATE of Texas, Appellee.**

No. 47748.

Court of Criminal Appeals of Texas.

Dec. 5, 1973.

Calvin A. Hartman, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Allen McAshan, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from an order revoking probation.

On August 28, 1972, the appellant entered a plea of guilty before the court to the offense of felony theft. The court assessed his punishment at ten years, but suspended the imposition of the sentence and placed the appellant on probation conditioned in part that he "commit no offense against the laws of this state. . . ."

On February 5, 1973, the State filed a first amended motion to revoke alleging that on or about December 19, 1972, the appellant committed the felony theft of an automobile, committed an aggravated assault upon a police officer and committed the offense of carrying a prohibited weapon.

Following a hearing on such motion on February 28, 1973, the court revoked probation finding that the appellant had committed the three offenses alleged on the date in question. Sentence was then imposed.

The record reflects that Ernest Simpson testified that on December 19, 1972, he permitted his sixteen year old brother, Wesley, to take his 1961 Chevrolet; and that it was stolen while in his brother's possession, and that he subsequently recovered the vehicle from the police. He related he did not give the appellant or anyone else permission to take his vehicle, shown to be worth in excess of $50.00.

Wesley Simpson testified he left high school at lunch time and had gone to a nearby friend's house where they played records; that his brother's car was parked nearby and while at the friend's house the appellant, whom he knew on sight, came there, and that subsequently he discovered the car missing though he did not see who took the car.

Terry Kimbrell related that on the afternoon in question the appellant, while driving the 1961 Chevrolet, picked him up at the intersection of Rosehaven and Reed near the high school, and that subsequently they picked up John Richards and that he (Kimbrell) was driving the car when stopped by the police.

Houston Police Officer L. D. Foltz testified that about 4:00 P.M. on the date in

question he and his partner were approached by an unidentified male who told them he thought the vehicle in which the appellant, Kimbrell and Richards were rid-. ing was stolen. The vehicle was then in sight of the officers. They stopped the car and as Foltz approached he testified he saw the appellant in the rear seat putting something in his mouth and later noticed a green substance on the appellant's mouth. He related that as he was removing the appellant from the car he found a .45 caliber pistol in appellant's belt under his shirt, and that when he started to further search the appellant the appellant struck him, the officer being in uniform at the time.

Appellant testified that Kimbrell was in the car and picked him up and he had no knowledge it was stolen, that he did not have a pistol on him and had no knowledge of any pistol being in the car, and that he did not assault the officer, but to the contrary he was roughly handled by the officer. He related the green substance on his mouth must have been lettuce from a hamburger he had eaten.

At the outset appellant contends the officers had no probable cause to arrest and search, the informer not having been shown to be reliable, and that the fruits of any such search were inadmissible.

█ We immediately observe that all of the evidence complained of was admitted without objection and nothing is presented for review. Calhoun v. State, 466 S.W.2d 304 (Tex.Cr.App.1971). See also Martinez v. State, 437 S.W.2d 842 (Tex.Cr.App. 1969); Gutierrez v. State, 423 S.W.2d 593 (Tex.Cr.App.1968); Kanaziz v. State, 382 S.W.2d 485 (Tex.Cr.App.1964); Milligan v. State, 465 S.W.2d 157 (Tex.Cr.App. 1971); Mortier v. State, 498 S.W.2d 944 (Tex.Cr.App.1973).

█ Next appellant challenges the sufficiency of the evidence to sustain the order of revocation. It should be clear from what has been written that the evidence supports the court's findings that the appellant committed all three offenses alleged. No abuse of discretion has been shown.

Still further the appellant complains that the court committed reversible error in admitting the pistol found since the chain of custody was not properly established.

Officer Foltz identified State's Exhibit # 2 as the pistol he had personally taken off of the appellant and stated he had placed his initials on the pistol, that he had brought the pistol to the courtroom from the police property room and it bore the same tag numbers that he "turned it in under."

The objection to its admission was that defense counsel did not see the initials of the two officers on the exhibit and there was no date to connect the exhibit to the appellant. The objection was overruled, and the exhibit was introduced. Subsequently the property bag bearing the date "12/19/72" in which the pistol had been placed was introduced without objection.

Appellant apparently relies upon testimony elicited from Officer Foltz on cross examination that he couldn't recall whether he was with Officer Herrmann when the pistol was checked into the property room, and the fact that the unidentified initials "R.A.C." were apparently on the other side of the pistol.

█ Under the circumstances presented the court did not err in admitting the pistol. The officer clearly identified the pistol as the one taken from the appellant, and the fact that the custodian of the property room was not called as a witness nor the fact there was no showing how the property room was operated do not reflect the pistol was improperly admitted in light of the objection made.

█ Lastly appellant contends "The trial court only revoked the appellant's pro-

bation in Cause No. 170,728 although the State filed a motion to revoke against the appellant in three causes, to-wit: 170,728, 172,461 and 178,947 and therefore a nunc pro tunc order should be entered in the event appellant's appeal is affirmed."

It is not altogether clear just what appellant seeks.

The record before us involves trial court's Cause No. 170,728. It appears from appellant's brief that appellant was placed on probation in three cases at the same time and that subsequently three motions to revoke were filed, but the court acted only upon the motion in the instant cause.

Appellant contends "it was improper for the court if it found that appellant had violated the terms and conditions of his probation to only have revoked probation in Cause No. 170,728." He urges that "additional revocation hearings" will be at the election of the State. He asks that in event of an affirmance in the instant case the trial court should be ordered to enter nunc pro tunc orders as to the other causes.

First this record does not support all of appellant's allegations. It is true the motion to revoke bears three trial court numbers, but the transcription of the court reporter's notes reflect that revocation hearing was held only in Cause No. 170,728 and so does the court's order. We find no request from the appellant that revocation hearings be held at one and the same time. If it be appellant's contention that although the court did not conduct hearings in the other causes and did not enter orders therein that the court should now enter nunc pro tunc orders then appellant clearly misunderstands the function and office of nunc pro tunc proceedings.

There is no merit in appellant's last ground of error.

The judgment is affirmed.