Johnny Ray JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 47273.

Court of Criminal Appeals of Texas.

Jan. 23, 1974.

---

Melvyn Carson Bruder, Dallas (Court appointed), for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty. and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

Appellant was convicted for the offense of robbery; punishment was assessed by the jury at twenty-five years. The sufficiency of the evidence is not challenged.

Appellant first contends he was irreparably prejudiced by the prosecutor's argument referring to facts which had not been admitted in evidence and which had been ruled inadmissible by the trial court inasmuch as they constituted evidence of an extraneous offense. The argument complained of and rulings thereon occurred as follows:

"Remember I asked those ladies, you have a lot of traffic in and out of that office, don't you, people walk in and out and they said oh yes. Do you remember them all? No. They wouldn't say that. They said they didn't. I asked each of them if they had a special reason for remembering that this man was in that office on September 15th, and each of them said yes they did have a special reason. And, did you notice that on cross examination no one is curious over—

"MR. RILEY: Your Honor, object to his remark I am trying to have a burden to overcome his presumption or inferences.

"THE COURT: I believe I overrule you on that.
Go ahead.

"MR. WHALEY: He wasn't curious enough to ask them what that special reason was or why, he wanted to let it go right then and there.

"MR. RILEY: Your Honor, I object again.

"THE COURT: I sustain that special reason. Disregard it.

"MR. RILEY: Your Honor, I ask that the Judge declare a Mistrial at this stage for his knowing misconduct.

"THE COURT: Overruled."

The court having sustained appellant's objection and instructed the jury to disregard, the issue, as properly posed in appellant's brief, is whether the argument was *irreparably* prejudicial.

■ Appellant relies upon Stearn v. State, Tex.Cr.App., 487 S.W.2d 734, wherein the argument "we couldn't bring you all of the circumstances surrounding the arrest" was held ground for reversal. However, it also was said there:

"This court has held that somewhat similar arguments did not constitute re-

versible error: (1) when objections thereto were sustained and the jury instructed to disregard the same . . ."

In oral argument counsel cited the recent case of Berryhill v. State, Tex.Cr.App., 501 S.W.2d 86, but there as in *Stearn,* supra, the trial court overruled counsel's objection and the jury was not instructed to disregard. We conclude that the error in the instant case, if any, was cured by the trial court's action.

In his next ground of error, appellant contends he was prejudiced by the prosecutor's argument that other witnesses existed who, if called by the state, would have corroborated the eyewitnesses and identification testimony. The record reflects the following:

"Now, we know also, and I just want to say this to you very quickly. We know there were two other witnesses to this robbery for which this man is accused. Both of the witnesses up there named them, they are persons known to this Defendant, and to these Attorneys.

"They can call anybody down—

"MR. RILEY: Objection, Your Honor, he is trying to argue this Jury, to shift the burden of proof from the State of Texas because he doesn't like it, to the defense where it doesn't belong.

"THE COURT: I overrule you.

"MR. WHALEY: They have the right to subpoena anyone down here they want. We brought you two credible witnesses and Mr. Ovard and I decided we wouldn't help this case by bringing you two more to tell you the same things."

 Initially we note the objection urged in the trial court is not the one raised on appeal. Next we observe that the argument objected to was not objectionable. Simon v. State, Tex.Cr.App., 406 S.W.2d 460, 463. Finally appellant's entire argument on appeal is that the prosecutor was attempting to bolster the state's wit-

nesses, and appears to be directed toward that part of the quoted argument made *after* the objection. No objection to that argument was made and no objection on such grounds was ever made. Nothing is presented for review.

In his final ground of error, appellant complains of the admission into evidence of a pistol upon the claim that it was the fruit of an illegal arrest, search and seizure. There being no objection on such grounds raised in the trial court, nothing is presented for review.

The judgment is affirmed.

ONION, P. J., concurs in the result.