Anselmo **CORTEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 49961.

Court of Criminal Appeals of Texas.

April 2, 1975.

2. See Article 11.07, V.A.C.C.P.; and Ex parte Young, Tex.Cr.App., 418 S.W.2d 824.

Marvin F. Foster, Jr., San Diego, for appellant.

William B. Mobley, Jr., Dist. Atty., J. Grant Jones and John Potter, Asst. Dist. Attys., Corpus Christi, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

Appeal is taken from an order revoking probation.

On February 4, 1974, appellant pleaded guilty before the court to the offense of sale of marihuana. Punishment was assessed at eight years, but the imposition of sentence was suspended and appellant was placed on probation.

Among the conditions of probation was the requirement that appellant shall "a. Commit no offense against the laws of this State or any other State or the United States."

Included in the State's motion to revoke probation, filed on April 15, 1974, is the allegation that appellant violated condition "a" as follows: "That on the 4th day of March, 1974, Anselmo Cortez [appellant] did unlawfully, knowingly and intentionally possess a usable quanity of a controlled substance, to wit, marihuana."

The record reflects that after a hearing on April 18, 1974, the court revoked appellant's probation, the order revoking probation reciting that "he committed the offense of being in possession of marihuana in violation of the laws of the State of Texas."

Appellant contends the court abused its discretion in revoking his probation in that there was insufficient evidence to prove the commission of the offense which formed the basis of the revocation.

The record reflects that on the night of April 7, 1974,[1] officers observed two men running from the Kingsville Auction Company toward a pickup. The officers pursued the pickup and observed it pull into a parking lot. Upon approaching the pickup, the officers saw the occupants "stuffing something behind their back, either into the seat or possibly the back of their pants."

The three occupants of the pickup, one of whom was appellant, were searched, and a small quanity of marihuana was found in the pocket of one of appellant's companions. Appellant and his companions were taken to the police station, where appellant was asked to remove his clothes. A small plastic baggie containing a substance appearing to be marihuana was found between the cheeks of appellant's buttocks. Tests on the contents of the baggie reflected that it contained 5.1 grams of marihuana. Lieutenant George Gomez, Jr. of the Kingsville Police Department testified that he had had "around two hundred" hours of narcotic training, and during his experience with the police department he had "numerous opportunities to examine and identify narcotics." He stated the 5.1 grams of marihuana found on appellant was "a usable amount."

■ Appellant's contention that the evidence is insufficient to prove a violation is bottomed on the argument that the marihuana seized from appellant was "in violation of the State and Federal Constitutional prohibitions as to illegal arrests and searches." A review of the record reflects that the complained-of evidence was admitted without objection. Nothing is presented for review under appellant's

1. The State was allowed to amend its motion during the hearing to reflect that the violation alleged in the motion occurred on April 7, 1974, rather than on March 4, 1974. Appellant expressly stated that he had no objection to such amendment.

claim that the evidence was seized as the result of an illegal arrest and search. Johnson v. State, Tex.Cr.App., 504 S.W.2d 496; Weatherspoon v. State, Tex.Cr.App., 501 S.W.2d 909.

We conclude that the evidence is sufficient to support the court's finding that appellant violated a condition of his probation, and find that the court did not abuse its discretion in revoking appellant's probation.

The judgment is affirmed.

Opinion approved by the Court.