Robert Charles SCHROEDER, Appellant,

v.

The STATE of Texas, Appellee.

No. 51988.

Court of Criminal Appeals of Texas.

Nov. 24, 1976.

Ronald H. Moody and Frank M. Fitzpatrick, Jr., Waco, Will Gray, Houston, for appellant.

Martin D. Eichelberger, Dist. Atty., Lynn Malone, Asst. Dist. Atty., Waco, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for murder with malice. Punishment was assessed at life imprisonment.

Appellant, through briefs presented by both retained and appointed counsel,[1] asserts seven grounds of error.

First, appellant argues that the trial court erred in denying his requested charge on alibi.

The record demonstrates that no evidence of alibi was offered at the trial. Schroeder asserts, however, that the defense of alibi was raised because the State only offered circumstantial evidence. We do not agree.

A jury charge on the defense of alibi is only required when there is affirmative evidence that the accused was somewhere else when the offense was committed. *Burns v. State*, 509 S.W.2d 366; *Windham v. State*, 162 Tex.Cr.R. 580, 288 S.W.2d 73. The appellant offered no affirmative proof of alibi, and it can hardly be contended that the State's reliance on circumstantial evidence raised this defense. Cf. *Nelson v. State*, Tex.Cr.App., 511 S.W.2d 18. The first ground of error is overruled.

In his second ground of error appellant contends the evidence is insufficient to support his conviction. In support of this contention, appellant's argument consists of a statement of a small portion of the circumstantial evidence presented by the State and the assertion that guilt upon those few circumstances would have required the jury to base inference upon inference in reaching its verdict. The State in reply has detailed the many circumstances shown by the evidence, with prolific citations to the record.

The deceased was shot numerous times with Federal ammunition fired from a .22 caliber weapon. A window at the gas station where the offense occurred had been broken out during the 15 minute interval during which the offense was committed. Within minutes after the offense appellant arrived at a nearby truck stop. He was seen there in possession of and offering to sell a gun similar in appearance to the established murder weapon. One hand was

1. The counsel appointed for trial purposes filed a brief. Appellant also retained counsel for appeal purposes, thus two briefs are presented for our review.

freshly cut and bleeding, and he gave different explanations for his cut hand to different people he talked to. He was "jumpy" and appeared nervous whenever the word "cops" was mentioned. He expressed an intent to leave town forever, but threatened one person he would return looking for him with a gun if he told the police about him. When he was arrested about two hours after the offense, a cartridge of the same brand as the shells found at the crime scene was found in his jacket pocket. Glass particles were found in his shoe, and on the seat and floor of his car. Several scientific tests on the particles showed similarities and revealed no differences between those particles and particles of glass from the broken window at the scene of the crime. Without detailing further circumstantial evidence, we find it sufficient to support the verdict.

The second ground of error is overruled.

In his third ground of error appellant contends that the trial court erred in failing to declare a mistrial after a disturbance in the courtroom. The transcript establishes that a person, later identified as the brother of appellant, stood up and screamed:

"They're lying god damn it."

■ The record indicates, however, that this outcry occurred after the jury had been removed from the courtroom. The appellant has failed to demonstrate, either by motion for new trial or otherwise, that the jury heard or was influenced by this statement. Appellant's third ground of error is overruled.

Grounds of error four through seven concern the charge given to the jury. Appellant contends that certain fundamental instructions on the presumption of innocence, the State's burden of proof and the purpose of the indictment were improperly omitted from the charge. The final ground of error asserts that appellant was denied effective assistance of counsel because his trial lawyer failed to object to the defective charge.

After the briefs were filed, the trial court supplemented the record in order to correct the charge in the original record. The trial court's order supplementing the record states that the fifth page of the charge given to the jury was omitted when the original charge was copied. The omitted page contains the jury instructions Schroeder alleges were absent from the charge.

Appellant in his supplemental brief argues "This ex parte order was drafted in a belated effort to cure or eliminate fundamental errors contained in the charge to the jury. It was entered when neither the appellant nor his lawyer was present and, consequently, the appellant was denied his right to challenge the validity of these purported 'corrections.'"

■ From what appears in this record, appellant and his counsel were not given prior notice of the supplementation of the record, nor were they provided an opportunity to object to the fully completed record as provided by Art. 40.09(7), V.A.C.C.P. Nevertheless, we have recently held that this statute affords the trial judge limited discretion to supplement the record so that it shall "speak the truth." [2] *Guzman v. State*, Tex.Cr.App., 521 S.W.2d 267, 272. Also see, *Almand v. State*, 536 S.W.2d 377.

■ The record, as supplemented, demonstrates that the instructions were, in fact, given in the charge to the jury. We overrule the final four grounds of error.

The judgment is affirmed.

2. My disagreement with the holding in *Guzman v. State*, supra, is not withdrawn. See my dissent at 521 S.W.2d 273. I am, however, obligated to follow the decisions of this Court and I do so in the case at bar. Nevertheless, it is my firm belief that notice of the completion of the record should be sent to each party and that all litigants should be given an opportunity to object to the record in accordance with the procedure outlined in Art. 40.09(7), V.A.C.C.P.