Merrill Earl SIMMONS, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–81–00035–CR.

Court of Appeals of Texas,
San Antonio.

May 26, 1982.

Patrick Roland Ganne, Law Offices of M. N. Garcia, Austin, for appellant.

Bill M. White, Dist. Atty., Monica L. Donahue, Asst. Dist. Atty., San Antonio, for appellee.

Before KLINGEMAN, CLARK and BASKIN, JJ.

## OPINION

KLINGEMAN, Justice.

This is an appeal from a conviction for murder. Tex. Penal Code Ann. § 19.02 (Vernon 1974). After the jury found appellant guilty, the trial court assessed punishment at confinement for a term of thirty (30) years.

The body of the deceased was found with a gun shot wound in the head in Martin Luther King Park in San Antonio. Subsequently, appellant was arrested in Fort Worth in possession of deceased's automobile and gasoline credit card. Appellant admitted the theft of the deceased's automobile and credit card but denied that he murdered the deceased and offered an alibi as to his whereabouts on the night of the murder. The State, in addition to linking appellant to the deceased through appellant's possession of the automobile and credit card, presented evidence that appel-

lant was in the general area of Martin Luther King Park on the night of the murder and that appellant had told friends in Fort Worth that he had shot a man in the head in San Antonio. The sufficiency of the evidence is not challenged on appeal.

In a supplemental brief appellant sets out his third ground of error which states that the trial court erred in amending the record after the time period designated by statute. Tex.Code Crim.Pro. art. 40.09(7) (Vernon 1965). Specifically, appellant complains:

(1) that the amending of the record after approval was in violation of article 40.09(7);

(2) that the evidence produced at the hearing was insufficient to warrant a change in the record; and

(3) that the amending of the record after approval denies appellant his rights of due process and equal protection under the law.

On August 30, 1978, the trial court notified appellant of the completion of the record. After giving the parties fifteen days to object to the record the trial court formally approved the record on September 18, 1978, and sent appellant notice thereof. Tex.Code Crim.Pro.Ann. art. 40.09(7) (Vernon 1965). Following the granting of one requested 30-day extension, appellant timely filed his brief on November 17, 1978. *Id.* art. 40.09(9) & (16). Thereafter, on December 11, 1978, the State filed an objection to the record in the trial court, requesting the trial court to make a correction in the record. The trial court held a hearing on the State's motion on December 21, 1978, and on December 22 entered an order supplementing the record so as to make it speak the truth in accordance with article 40.09(7).

The State's objection to the record addressed a verbal exchange between the prosecutor and the trial court regarding extraneous offenses associated with appellant. Specifically the following statement by the prosecutor is in question.

Now, look, I have to qualify which killing he's talking about because he talked about a bunch of them, if I don't object he's going to talk about ax murders and a lot of other deaths.

Although the court reporter failed to note that this exchange took place at the bench beyond the hearing of the jury, the State alleged that such was the case. Therefore, in order for the record to speak the truth, the State moved that a notation be included in the record to indicate that this exchange was made at the bench outside the hearing of the jury.

At the hearing on the State's motion to supplement the record, the trial court granted the motion and entered the following findings of fact and conclusion of law.

### FINDINGS OF FACT

1. During the course of the trial in this cause, several conversations were held at the bench and out of the hearing of the jury between the Court, the prosecutor, and the defense attorney.

2. Those bench discussions were held out of the jury's hearing for the purpose of preventing the jury from hearing evidence of extraneous offenses committed by the defendant.

3. Four jurors testified at this hearing that they did not hear the prosecutor make any mention of "ax murders."

4. The Coordinator of the Court, present during the trial, testified that this comment by the prosecutor was made at the bench and outside the jury's hearing.

### CONCLUSION OF LAW

The Court concludes as matter of law that the remarks by the prosecutor which appear on page 1022, lines 18–22, of the Record were made at the bench and outside the hearing of the jury.

The trial court then entered an order directing the clerk of the court to include these findings of fact and conclusion of law as part of the record in this cause so that the record shall speak the truth in accordance with Tex.Code Crim.Pro.Ann. art. 40.09(7) (Vernon 1965).

The Court of Criminal Appeals addressed a similar situation in *Guzman v. State*, 521 S.W.2d 267 (Tex.Cr.App.1975). In *Guzman*

the defendant maintained that materials filed by the State designated for inclusion in the record were not timely filed and could not be reviewed by the appellate court. The Court of Criminal Appeals disagreed, notwithstanding the following sequence of events:

August 28, 1973—Notice of Appeal was given

December 26, 1973—Trial judge approved the record

February 25, 1974—The material in question was filed in the trial court

April 24, 1974—The trial court ordered the materials to be included in the record

May 7, 1974—The trial judge signed the final order for the appeal to proceed

Like the case at bar, the court in *Guzman* pointed out that

There was no objection, no hearing, nor [sic] findings or adjudications to become final as provided in article 40.09(7). The controversy arose because of a supplemental or subsequent approval of the record once it had already been approved by the court without objection from either party. The question succinctly put is whether the State waived the right to have the designated matters included in the record by failure to object within the prescribed fifteen day period after notice of completion of the record was mailed.

*Id.* at 271. Answering negatively to this question, the court stated:

Both article 40.09, sec. 4 and sec. 7, clearly indicate the legislative intent that the trial judge be afforded limited discretion in these regards so that the statement of facts and the record shall "speak the truth." Furthermore, we note that the case was still within the jurisdiction of the trial court until thirty days after filing of the State's brief.

*Id.* at 272.

■ The Court of Criminal Appeals' adherence to its holding in *Guzman* is illustrated by its decision in *Schroeder v. State*, 543 S.W.2d 382 (Tex.Cr.App.1976). In *Schroeder*, the trial court supplemented the record after the briefs were filed, in order to correct the jury charge in the original record complained of by the defendant in four of his grounds of error. In his supplemental brief the defendant argued that the trial court entered this ex parte order in the absence of himself or his attorney and, consequently, denied him "his right to challenge the validity of these purported 'corrections.' " *Id.* at 384. The Court of Criminal Appeals acknowledged the trial court's failure to give appellant notice of the supplementation of the record and an opportunity to object to the completed record as provided by article 40.09(7). The Court, however, relied upon its holding in *Guzman* to accept the supplemented record, reiterating that article 40.09(7) "affords the trial judge limited discretion to supplement the record so that it 'shall speak the truth.' " *Id.* at 384. Furthermore, Judge Odom, writing for the majority in *Schroeder*, pointed out in a footnote that he did not withdraw his dissenting opinion in *Guzman* but was obligated to follow the decisions of the Court of Criminal Appeals. Likewise, in the case at bar, we must follow the *Guzman* decision. Having determined that the Court of Criminal Appeals in *Guzman* and *Schroeder* has allowed the supplementation of the record so that it shall reflect the truth, we find that the trial court in the case at bar did not violate article 40.09(7) when it supplemented the appellate record in this cause.

■ The appellant further argues that the evidence presented at the hearing was insufficient to warrant a change in the record. We have reviewed the evidence presented at the hearing on the State's motion to supplement the record in the light most favorable to the court's order, *see Resendez v. State*, 495 S.W.2d 934 (Tex. Cr.App.1973), and have determined that the trial court did not abuse its limited discretion in making the record "speak the truth." *See Guzman v. State, supra*, at 272.

■ Finally, appellant contends that the amending of the record after approval denies appellant his rights of due process and equal protection of the law. Appellant argues that allowing the State to object to

the record after such an extended time and after appellant has filed his brief is manifestly unfair and gives the State an extraordinary advantage during this appellate process. Addressing this procedure, the Court of Criminal Appeals in *Guzman v. State, supra,* stated that

> Such a procedure serves the salutary purpose in preventing the prosecution from being "sandbagged" and in preventing unnecessary reversals. Cf. *Seefurth v. State,* 422 S.W.2d 931 (Tex.Crim.App. 1967). In fact, to hold otherwise would be to place an intolerable burden on the prosecution offices to hire a battery of attorneys to comb each record after its completion in order to anticipate possible grounds of error that might be raised by the defendant. The administration of justice is not a game where the parties seek to maneuver each other into unwitting mistakes. Accordingly, we find the record properly before us.

*Id.* at 272–273. Applying this rationale, we find that the supplementation of the record was done by the trial court for the single purpose of assuring that the record reflect the truth; therefore, there was no violation of appellant's rights of due process and equal protection of the law. Appellant's third ground of error is overruled.

Appellant's first two grounds of error are based upon alleged references by the prosecutor to extraneous offenses, which statements were made in front of the jury. The first ground of error states that the trial court erred in denying appellant's motion for a mistrial resulting from the State's repeated attempts to introduce evidence of extraneous offenses. The second ground of error asserts that the State's repeated referrals to extraneous offenses was not harmless error in that it served to prejudice and influence the jury against appellant.

Notwithstanding the trial court's granting of appellant's motion in limine requesting that no reference be made to any extraneous offenses to which appellant might be connected, appellant contends that the State on at least four occasions caused reference to be made to appellant's alleged extraneous offenses. Specifically, appellant complains of the following statements which allegedly informed the jury of extraneous offenses:

(1) The prosecutor asked the State's witness, a police officer, whether there were outstanding warrants as to appellant. The witness answered affirmatively and stated that there were two outstanding bond forfeiture warrants issued against appellant.

(2) During the direct examination of another State's witness the prosecutor stated:

> Now, look, I have to qualify which killing he's talking about because he talked about a bunch of them, if I don't object he's going to talk about ax murders and a lot of other deaths.[1]

Appellant contends that this statement was made in the presence of the jury and, therefore, notified the jury that another murder charge was pending against appellant.

(3) The prosecutor, during cross-examination of appellant, elicited from him the fact that he had obtained and used valium, a potent prescription drug, in an illegal manner.

(4) During final argument the State referred to the fact that appellant was out on bond.

Asserting that there was no basis for admitting evidence of these extraneous offenses, appellant argues that the overall effect of these references was that the jury heard and assimilated testimony that appellant was the subject of outstanding bond forfeiture warrants for incidents unconnected with the offense in this cause, that appellant was connected with another murder, and that appellant had illegally obtained and used a controlled drug. Although the trial court did on occasion instruct the jury to disregard evidence of extraneous offenses, appellant contends that this was not enough to cure the harm done to appel-

---

1. This statement by the prosecutor is the same statement previously discussed in appellant's third ground of error and found by the trial court at the hearing on the State's motion to supplement the record to have been made at the bench beyond the hearing of the jury.

lant. Consequently, appellant argues that such impact caused the jury to try appellant for these extraneous offenses or for being a criminal in general rather than for the charged offense in this cause. Therefore, appellant contends the highly prejudicial nature of these references made it reversible error for the trial court to deny appellant's motion for a mistrial, and cannot be considered harmless error on appeal.

■ The initial reference to an extraneous offense complained of by appellant addresses a police officer's response to a question by the prosecutor as to whether there were any warrants outstanding on appellant. The prosecutor posed the question in an attempt to establish how the Fort Worth Police Department received information necessary for the arrest of appellant. After the witness stated that there were two outstanding bond forfeiture warrants, appellant's attorney asked to approach the bench. At this time the jury was excused and appellant's attorney asked the trial court to hold the prosecutor in contempt for violating the court's order granting appellant's motion in limine, and for an instruction to be given to the jury to disregard the last statement. Further, appellant's attorney requested that a mistrial be granted since no instruction could possibly erase the implication and information that had been conveyed to the jury. During this discussion at the bench, appellant's attorney stated that he did not object to the question about the warrants but was objecting to the response which addressed the bond forfeiture because there was no way to explain the response to the jury. The prosecutor stated that he asked the question in order to establish that there was authority to arrest appellant. The response regarding bond forfeiture was nonresponsive to his question. Thereafter the trial court instructed the jury "not to consider the last question or the last answer of the witness for any purpose." Since the witness' response concerning bond forfeitures was unresponsive to the proposed question and the trial court promptly took note of the situation and instructed the jury to disregard the question and the answer, we find that

the trial court's instruction to disregard was sufficient to cure error. No reversible error is shown. See Smith v. State, 540 S.W.2d 693, 699–700 (Tex.Cr.App.1976). See also Hamel v. State, 582 S.W.2d 424, 428 (Tex. Cr.App.1978).

As pointed out in appellant's third ground of error the trial court in a hearing on the State's motion to supplement the record determined that the prosecutor's reference to "ax murders" was made at the bench beyond the hearing of the jury. The corrected record therefore renders moot appellant's original complaint as to this statement. See Swinney v. State, 529 S.W.2d 70, 72–73 (Tex.Cr.App.1975). Consequently, we cannot consider the reference to "ax murders" when determining the prejudicial effect of references to extraneous offenses made during trial within the hearing of the jury.

The third reference to an extraneous offense complained of by appellant was elicited from appellant by the State during cross-examination. In response to a question concerning prior testimony which had established that appellant had sought valium from the testifying witness in order to relieve the pain from a gunshot wound, appellant simply stated that he used valium and had asked the testifying witness for some valium. There was no testimony to establish that appellant had obtained valium illegally, nor was there any testimony that valium was a controlled substance. Therefore, his inquiry cannot be considered a reference to an extraneous offense.

With regard to the reference complained of during final argument, it appears that the prosecutor did refer to the fact that appellant was out on bond. A review of the record demonstrates that the prosecutor made this statement when referring to appellant's testimony that he did not go to the hospital for treatment of a gunshot wound in his hand because he was "out on bond and did not want the hassle." No specific reference was made to an extraneous offense. At this time appellant's attorney objected to the prosecutor's argument and

asked for a mistrial. Although counsel initially asked for an instruction to the jury to disregard that particular comment, he argued that the jury was so prejudiced by the belief that there were numerous charges against appellant that no instruction by the court would be to any avail. Due to this withdrawal of the request to instruct the jury to disregard the prosecutor's statement, the trial court did not instruct the jury to disregard the prosecutor's statement. Rather, the trial court denied appellant's motion for mistrial, sustained appellant's objection, and instructed the jury that "what the attorneys say in their argument is not to be considered as evidence."

When a prosecutor's statement is alleged to be so prejudicial as to require a reversal, the statement as well as the context in which it appears must be considered. *Blassingame v. State*, 477 S.W.2d 600 (Tex. Cr.App.1971). The prosecutor made no reference to an extraneous offense, but only stated that "... defendant told you that he was out on bond." The Court of Criminal Appeals in *Elam v. State*, 518 S.W.2d 367 (Tex.Cr.App.1975), found no error where a question by the prosecutor referred to the fact that the defendant had been released from the jail on bond and the bond had been revoked, in light of the fact that the trial court sustained defendant's objection and instructed the jury to disregard the question. Therefore, an improper reference to appellant being out on bond could have been cured by an instruction to the jury to disregard. Since appellant's attorney withdrew his request to instruct the jury to disregard the prosecutor's statement, this court is reluctant to grant a new trial where the error could have been cured by an instruction which was not requested by appellant at trial. *See Blassingame v. State*, 477 S.W.2d 600 (Tex.Cr.App.1972).

Although the fact is not brought to light by appellant, the statement in question here was based upon a response by appellant during cross-examination which had been objected to by appellant's attorney. The trial court sustained the objection and instructed the jury not to consider the answer. The Court of Criminal Appeals addressed a similar situation in *Johnson v. State*, 504 S.W.2d 496 (Tex.Cr.App.1974). In *Johnson*, the defendant argued that "he was irreparably prejudiced by the prosecutor's argument referring to facts which had not been admitted in evidence and which had been ruled inadmissible by the trial court inasmuch as they constituted evidence of an extraneous offense." *Id.* at 497. Since the trial court sustained the defendant's objection to the prosecutor's argument and instructed the jury to disregard the statement, the issue addressed by the Court was "whether the argument was *irreparably* prejudicial." Ruling against the defendant on this issue, the Court addressed the defendant's reliance upon *Stearn v. State*, 487 S.W.2d 734 (Tex.Cr.App.1972), and pointed out that prosecutors' arguments have been held not to constitute reversible error when objections thereto were sustained and the jury instructed to disregard the same. Since the prejudicial effect of the prosecutor's statement in the case at bar could have been removed by an instruction to disregard, we find that appellant should not be granted relief on appeal when the error could have been corrected at trial, had he requested and secured an instruction. Further, the trial court minimized the prejudicial effect of this statement when it instructed the jury not to consider the prosecutor's statement as evidence. No reversible error is shown.

Having reviewed each of the four instances complained of by appellant we note that the first resulted in a prompt instruction to disregard the unresponsive answer; the second took place out of the jury's hearing; the third cannot be considered a reference to an extraneous offense; and the fourth could have been cured by an instruction to disregard, had such an instruction been requested. We therefore find no highly prejudicial cumulative effect which would constitute grounds for a mistrial or reversible error. *See Smith v. State*, 540 S.W.2d 693, 700 (Tex.Cr. App.1976). Appellant's first and second grounds of error are overruled.

The judgment is affirmed.