Orlando Craig GREEN, Appellant,

v.

The STATE of Texas, State.

No. 2–85–069–CR.

Court of Appeals of Texas,
Fort Worth.

Nov. 6, 1985.

Withrow & Huff and J. Blake Withrow, Dallas, for appellant.

Henry Wade, Dist. Atty., and William Randell Johnson, Asst. Dist. Atty., Dallas, for appellee.

Before FENDER, C.J., and BURDOCK and HOPKINS, JJ.

## OPINION

FENDER, Chief Justice.

Appellant, Orlando Craig Green, was convicted by a jury of aggravated robbery. TEX.PENAL CODE ANN. sec. 29.03 (Vernon 1974). The jury assessed punishment at 99 years imprisonment and a fine of $10,000.

We affirm.

Because the sufficiency of the evidence is not challenged, we will only briefly review the facts of the case.

L.M.S., complainant, was confronted by appellant in her apartment complex parking lot. Appellant ordered complainant to take him to her apartment. Appellant took cash and various items including some "charms." The complainant testified that appellant raped her and forced her to "drive him somewhere." The complainant immediately drove to a friend's house and called the police.

■ Appellant's first and second grounds of error read:

The trial court erred in admitting, over timely objection, the fruits of a warrantless arrest conducted without voluntary consent.

The trial court erred in admitting evidence which was obtained in a consent search which exceeded the bounds of the consent and the permissible bounds of a search.

Appellant filed a motion to suppress the evidence seized from his room at his mother's home. The evidence included some charms and a silver key chain, which, it was established at trial, were items stolen from the complainant in this case.

At a pre-trial hearing on appellant's motion to suppress, appellant stated that he had no objection to the admission of the evidence. Also, when the evidence was offered at trial, appellant further failed to object.

Because appellant not only failed to object but expressly stated that he had no objection to the admission of the evidence, nothing is preserved for review. *See*

*McGrew v. State*, 523 S.W.2d 679, 680 (Tex. Crim.App.1975); *Cortez v. State*, 520 S.W.2d 764, 765–66 (Tex.Crim.App.1975). Appellant's first and second grounds of error are overruled.

In his third ground of error, appellant contends that the trial court erred in denying appellant's special plea of double jeopardy.

Appellant contends that the instant offense was introduced during the punishment phase of a previous trial, Cause No. F84–91591, for an unrelated offense. Appellant claims that in that trial, the complaining witness in the instant case testified that she was robbed and raped by appellant. Appellant states that this testimony was introduced by the State to controvert his application for probation in that case. He asserts that the sentence received by him in that cause was assessed against him for both offenses. He argues that because he has already been punished for the instant offense it constitutes double jeopardy to punish him for it again. He cites no authority for this proposition.

■ It is reversible error for the State to ask the jury to assess punishment for collateral crimes and to add such punishment to the penalty assessed for the offense alleged in the indictment. *Klueppel v. State*, 505 S.W.2d 572, 574 (Tex.Crim.App. 1974). However, the alleged error of the court in that case is not before us.

■ Furthermore, although both parties acknowledge that the record from appellant's prior conviction for the unrelated offense was introduced during the instant trial, appellant has failed to include in the record on appeal the file from the previous cause, of which he complains. This court cannot accept as fact allegations or assertions in an appellant's brief which are not supported by the record. *See Holcomb v. State*, 523 S.W.2d 661, 662 (Tex.Crim.App. 1975). Notice of completion of record was mailed to appellant on February 26, 1985. Appellant failed to object to or supplement the record. Therefore, appellant's ground of error number three is overruled.

In his fourth ground of error, appellant contends that the trial court erred in overruling appellant's objection to the improper comments of the State's attorney. The courtroom exchange in question is as follows:

WITHROW: [defense counsel] All right. Now, Officer, wouldn't it then be a little more certain if we brought in, say, three fingerprint experts or two fingerprint experts and let them independently examine this?

WITNESS: That's up to the court, sir.

WITHROW: But if we really wanted to—Well, I pass the witness, Your Honor.

PROSECUTOR: Judge, if he thought that these prints weren't the right prints, he could have another examiner examine them.

WITHROW: Your Honor, I object to his gratuitous comments to the Jury.

PROSECUTOR: *He's just playing games with the jury.*

THE COURT: All right. All right. All right.

WITHROW: Your Honor, I object to his gratuitous comments and I object to his slapping the Defendant—

THE COURT: Just ignore the talking back and forth, Members of the Jury.

PROSECUTOR: Your Honor, I've been prosecuting, Judge, for 16 years and that's never been done.

WITHROW: Your Honor, I'd object to him slapping my Defendant over my shoulder. I object to that.

THE COURT: Overruled. He's not striking at your Defendant. Overruled. (Emphasis ours.)

An instruction to disregard will cure error except in extreme cases where it appears the evidence is clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced on their minds. *Edmiston v. State,* 520 S.W.2d 386, 387 (Tex.Crim.App.1975). Here, the jury argument was not so improper as to be incurable by the court's instruction to disregard. *See id.* Appellant's fourth ground of error is overruled.

Appellant's grounds of error five through eight raise error concerning the prosecution's closing argument to the jury.

The purpose of closing argument is to facilitate the jury in properly analyzing the evidence presented at trial so that it may arrive at a just and reasonable conclusion based on the evidence alone and not on any fact not admitted in evidence. *Campbell v. State,* 610 S.W.2d 754, 756 (Tex. Crim.App.1980). To be permissible, jury argument must fall within one of the following four general areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; (4) plea for law enforcement. *Darden v. State,* 629 S.W.2d 46, 52 (Tex.Crim.App.1982); *Alejandro v. State,* 493 S.W.2d 230, 231–32 (Tex.Crim. App.1973).

When an argument exceeds the permissible bounds of the above areas, such will not constitute reversible error unless, in light of the record as a whole, the argument is extreme or manifestly improper, violative of a mandatory statute, or injects new facts harmful to the accused into the trial proceeding. *Mathews v. State,* 635 S.W.2d 532, 539 (Tex.Crim.App.1982); *Todd v. State,* 598 S.W.2d 286, 296 (Tex.Crim. App.1980).

The test to determine whether improper jury argument is harmless error is not whether a conviction could have been had without the improper argument, but whether there is a reasonable possibility that the argument complained of might have contributed to the conviction or the punishment assessed. *Garrett v. State,* 632 S.W.2d 350, 353–54 (Tex.Crim.App. 1982). In making this determination, we must review the evidence at the guilt-innocence stage as well as that adduced at the punishment phase of the trial. *See id.*

Appellant first complains that the prosecutor made the following argument:

You see, when I was talking to you yesterday, I had the advantage over you

twelve people *because I knew at that time of the type of conduct that Orlando Craig Green was capable of—*

WITHROW: Your Honor, I'm going to object to that argument, suggesting some special knowledge on the part of this prosecutor outside the record that they should consider.

THE COURT: No, they're not going to consider it. It's a subjective point. Overruled.

WITHROW: You're overruling my objection?

THE COURT: Overruled.

WITHROW: Thank you, Your Honor.

PROSECUTOR: *—knew what he was capable of based on what I knew the evidence in this case was going to show,* the evidence of April the 18th, 1984. (Emphasis ours.)

 While counsel may draw reasonable deductions from the evidence, it is not permissible for them to inject their personal opinions into the argument, lest they convey to the jury the idea that they have bases for their conclusions in addition to the evidence before the jury. *Fowler v. State,* 500 S.W.2d 643, 644 (Tex.Crim.App. 1973).

 In *Clayton v. State,* 502 S.W.2d 755 (Tex.Crim.App.1973) and *Fowler,* 500 S.W.2d 643 cited by appellant, the court held improper jury arguments wherein the prosecutor stated that he wouldn't prosecute someone he did not "feel was guilty." *See Clayton,* 502 S.W.2d at 756; *Fowler,* 500 S.W.2d at 644. Although the jury argument in this case borders on being improper, it does not compare to the arguments made in *Fowler* and *Clayton* because the prosecutor, by his own words, limited the basis for his statement to the facts before the jury. *See Alejandro,* 493 S.W.2d at 231. Appellant's fifth ground of error is overruled.

 In his sixth ground of error appellant contends that the trial court erred in overruling appellant's objection to the prosecutor's argument which he alleges went

outside the record. The argument complained of is as follows:

And what other game are we going to play here? What about the medical testimony? Well, why didn't he bring the medical man? You heard the woman testify the man didn't ejaculate in her. There's no evidence the doctor can testify to for a grown woman who's had intercourse who consented. There's no sperm, there's no ejaculation there. What medical evidence is there?

If there was medical evidence there—[t]here's a misnomer. Some people say, "Well, a doctor come down and testify she's been raped." There's no evidence. *A doctor can't testify that a woman has been raped.* All he can testify is there's been sperm there, there's been ejaculation inside her. If that hasn't been done, he can't tell you anything.

WITHROW: Your Honor, I'm going to object to him arguing to the Jury what a doctor could tell at the conclusion of an examination. I object to him testifying outside the record.

THE COURT: Objection overruled. (Emphasis ours.)

Appellees contend that this argument was in response to the appellant's argument which is as follows:

You have to judge now whether in light of that—I have no doubt from her testimony that she's convinced that this is the man that attacked her. What I'm going to ask you to [do] is to look at some of the other evidence in the case in the light of whether it supports what she tells you or it doesn't support that conclusion.

The first thing, of course, *is the evidence of sexual assault.* Now, of course, since this is a robbery case, it's not a rape case, the State does not have to prove to you that she was actually sexually assaulted. That's not part of their burden. They can show you those facts and you can consider them, but they don't have to prove them to you.

Yet you know that after she got through interviewing with the police offi-

cers, that they took her to Parkland Medical Hospital. And you know that doctors examined her there. Would it make you more comfortable about confirming the facts if the doctor had come in and given his testimony about the results of his examination? (Emphasis ours.)

In this case, appellant's jury argument was also outside the record since there was no evidence that the complainant had undergone a gynecological examination. The only evidence concerning this was that she had seen a doctor at Parkland Hospital. Appellant, in his argument, strongly implied that a doctor could examine complainant and conclude whether she had been sexually assaulted. The prosecution, in turn, contended that a doctor could not tell whether a sexual assault had occurred. He contended that the only conclusion that a doctor can make is that ejaculation was or was not present. He argued that there was "no evidence" because there was no ejaculation until after the alleged rape.

Both parties argued outside the record and made conclusions which were unsupported by the evidence. However, because appellee's arguments were invited by or in answer to appellant's arguments, no reversible error occurred. *See Reynolds v. State,* 505 S.W.2d 265, 266 (Tex.Crim.App. 1974); *Alejandro,* 493 S.W.2d at 231–32. Appellant's sixth ground of error is overruled.

Appellant, in his seventh ground of error, contends that the trial court erred in overruling appellant's objection to the prosecutor's argument in the courtroom exchange as follows:

What do we know about Craig Green? Well, we brought you at this phase of the trial from my account seven citizens from different locations here in Dallas County and a couple from Tarrant County. And by law *we asked them the limited questions that we could ask them if—*

WITHROW: Your Honor, I object to that statement to the Jury as inferring

that is outside the record, asking them to speculate.

THE COURT: Overruled. [Emphasis ours.]

In *Mims v. State,* 466 S.W.2d 317 (Tex. Crim.App.1971), the prosecution argued that "The unfortunate thing is that you people don't get to know what we know, so you have to use common sense...." *Id.* at 318. The Court held that there was no reversible error and that while such jury argument was improper, no new and harmful fact had been injected into the case.

▉ Here, the prosecutor implied that there were questions and answers which were not allowed before the jury. This argument is very similar to the one made by the prosecutor in *Mims, supra.* Although we find that the argument was improper, because no new and harmful fact had been placed before the jury, we overrule appellant's seventh ground of error. *See id.*

In his eighth ground of error, appellant contends that the trial court erred in overruling appellant's objection to another portion of the prosecutor's closing argument. The prosecutor, in this argument, called attention to appellant's failure to cross-examine reputation witnesses called by the State during the punishment phase of the trial. Appellant objected, contending that the jury was asked to speculate as to defense strategy.

▉ In *McKenzie v. State,* 617 S.W.2d 211, 220 (Tex.Crim.App.1981), the court held that the prosecutor properly may comment on the failure of the accused to call to attest to his reputation some particular known witness who is competent to give testimony on the matter. Because it is not error to comment on the failure to call a witness, it follows that it is not error to comment on the failure to cross-examine a witness. *See generally, id.* Furthermore, the prosecutor's argument appears to be a permissible summary of the evidence. *See Alejandro,* 493 S.W.2d at 231–32. Appellant's eighth ground of error is overruled.

In grounds of error nine through twelve, appellant contends that the trial court erred in "permitting the prosecutor to infer the commission of extraneous offenses" through the testimony of four female reputation witnesses. Each witness testified that appellant's reputation for peacefulness was bad. In so doing, each witness testified, over appellant's objection, as to the date on which she first met appellant. Appellant contends that the jury can only infer, from this testimony, that an offense against these witnesses occurred on the day they met appellant.

Before the rules relating to the admissibility of extraneous offenses come into play there must be some type of inadmissible evidence presented of the accused's prior criminal conduct. *Baxter v. State*, 645 S.W.2d 812, 815 (Tex.Crim.App.1983); *Roach v. State*, 586 S.W.2d 866, 868 (Tex.Crim.App.1979). Here, the evidence before the jury did not constitute proof of an extraneous offense. *See Baxter*, 645 S.W.2d at 815. Appellant's grounds of error nine through twelve are overruled.

The judgment is affirmed.