Daniels-BL v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-044-CR
&
No. 10-93-045-CR

     BOBBY LEE DANIELS,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 40th District Court
Ellis County, Texas
Trial Court Nos. 19,462-CR & 19,463-CR
                                                                                                    

O P I N I O N
                                                                                                    

      Daniels was charged by two indictments with burglaries of separate habitations. He pleaded
guilty to the indictments and true to the enhancement paragraphs alleging two prior felony
convictions. The jury assessed punishment at seventy-five years in prison in each case.
      In three points, Daniels asserts that he was deprived of a fair trial because: (1) during jury
voir dire, the prosecutor allowed the jury to improperly consider acts for which he was not on
trial; (2) the testimony of the State's witnesses allowed the jury to improperly consider acts for
which he was not on trial; and (3) the prosecutor's jury argument allowed the jury to consider acts
for which he was not on trial. We disagree.
      Both burglaries occurred in rural Ellis county. The victim in one burglary, Mrs. Bates,
testified without objection that she returned to her home at about 11:30 a.m. on the date in
question and saw there was a strange car parked at her home and that the front door to her home
was standing open. After she recorded the license plate number of the car, a man, the appellant
Daniels, came out of her house and approached her. He requested that she get out of her car and
come into the house because something was wrong in the house. He made this request three or
four times, but, feeling threatened, Mrs. Bates refused to get out of her car. She requested that
Daniels get out of her house and then drove back to the road in front of her house and began
honking in an attempt to attract attention. As she was honking, she could see Daniels carrying a
VCR and other items from her home.
      In the other burglary, the victim, Mr. Bond, testified without objection that his home had been
burglarized twice before and that from those experiences he had learned to record license numbers
of cars in his area that he thought to be suspicious. On this occasion, he recorded Daniels' license
number after seeing Daniels' car near his home two times that day. Upon returning to his home,
he found that his front door had been kicked in and that two TV sets, a VCR and some of his
children's electronic games had been stolen. He further testified that his wife had experienced
problems sleeping since the burglary and that he had been concerned about what would have
happened if his children had been home alone at the time of the burglary.
      Acknowledging that the complaints were not preserved in the trial court, he nevertheless
states:
Some errors are so egregious that failure to object at trial does not waive later appellate
review. Appellant asserts that the right to due process, a fair trial, . . . [is] sufficiently
important that the court should review these complaints in the interest of justice.

In support of this proposition, he cites Marin v. State, in which the Court of Criminal Appeals
delineated three types of rights and concluded that complaints about two of the types, i.e., (1)
absolute requirements and prohibitions and (2) rights of litigants that must be implements unless
expressly waived, need not be preserved under Rule 52(a). See Marin v. State, 851 S.W.2d 275,
xxx (Tex. Crim. App. 1993).
      The difficulty with Daniels position is that the two of the three trial events about which he
complains, i.e., an improper question or statement during voir dire and the content of testimony
from State's witnesses, fall into a third category—rights of litigants to be implemented upon
request. See Marin, 851 S.W.2d at 279. Thus, the trial judge has no duty to enforce them unless
requested to do so. See id. Nevertheless, we will address the points individually.
      In his first point of error, Daniels asserts that the voir dire of the prosecutor allowed the jury
to improperly consider acts for which the defendant was not on trial. His objection at trial,
however, was "Your Honor, I am going to object when he is calling for personal emotions. This
is not a qualification of a juror." The trial judge sustained the objection. Here, the objection at
trial, that the State was inquiring about jurors' personal emotions, is different from the theory
asserted on appeal. 
      To preserve error for appellate review, a timely and reasonably specific objection at trial is
required. Tex. R. App. P. 52(a). An objection at trial on one theory will not support a different
theory on appeal. Johnson v. State, 803 S.W.2d 272, 293 (Tex. Crim. App. 1990). Because the
objection at trial was different than the error asserted on appeal, we find that the error was not
preserved for review. Point one is overruled. 
      In point two, Daniels asserts the testimony of Mrs. Bates and Mr. Bonds about the effects of
the burglary upon them and other family members was inadmissible. Since Daniels did not object
to the testimony, however, we find he failed to preserve his point of error. Tex. R. App. P. 52(a). 
Even if the alleged error had been preserved, we find the evidence was admissible during the
punishment phase of the trial. Tex. Code Crim. Proc. Ann. 37.07 § 3(a)(Vernon Supp. 1994);
Stavinoha v. State, 808 S.W.2d 76, 78-79 (Tex. Crim. App. 1991); Miller-El v. State, 782
S.W.2d 892, 896 (Tex. Crim. App. 1990). Point two is overruled.
      In his last point, Daniels asserts that the jury argument of the prosecutor allowed the jury to
improperly consider acts for which he was not on trial. Apparently he is referring to the
prosecutors argument that the crimes committed were violent in nature and that Daniels could have
assaulted someone during the burglaries. Entry to both habitations was gained by kicking in the
front doors and at the Bate's home, he tried to get Mrs. Bates to get out of her car and come into
the house. From this testimony, the jury could have deduced that Daniels was violent and could
have intended to assault Mrs. Bates inside the house. 
      Daniels reliance on Marin in support of his third complaint—about the prosecutor's jury
argument—comes closer to the mark. Id. Here too, he concedes that no objection was made at
trial. The failure to object to improper jury argument waives any complaint about the error,
unless the argument is so egregious that no instruction to disregard could possibly cure it. Willis
v. State, 785 S.W.2d 378, 385 (Tex. Crim. App. 1989). Error in jury argument is not waived by
a failure to object where the argument is manifestly improper, violates some mandatory statute,
or injects some new fact harmful to the defendant's case. Id. In determining whether a statement
is manifestly improper, harmful, and prejudicial, we look at the record as a whole. See id.  
      Even though Daniels failed to preserve this point for appellate review because he did not
object to the complained of argument, we find the argument to be a reasonable deduction from the
evidence. See Green v. State, 698 S.W.2d 776, 779 (Tex. App.—Fort Worth 1985, writ ref'd). 
Alternatively, we find that the prosecutor's argument was not so egregious that an instruction to
disregard would have corrected the complaint. See Willis, 785 S.W.2d at 385. Point three is
overruled.
      Because the trial judge had no duty to act on the first two complaints in the absence of an
objection and because the prosecutor's argument was a reasonable deduction from the evidence,
we conclude that Daniels right to a fair trial was not abridged. See Marin, 851 S.W.2d at 279.
      We affirm the judgment.
 
                                                                               BOBBY L. CUMMINGS
                                                                               Justice

Before Chief Justice Thomas,
      Justice Cummings, and
      Justice Vance
Affirmed
Opinion delivered and filed November 23, 1994
Do not publish