Criminal Case Template







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



KEITH ONTIVEROS,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§

§

§

§

§

No. 08-04-00063-CR

Appeal from the

168th District Court

of El Paso County, Texas

(TC# 20030D03151)




O P I N I O N

           This is an appeal from a conviction for the offense of robbery--enhanced by the
allegation of a prior felony conviction. Appellant pleaded guilty to the jury and true to the
enhancement allegation and the jury assessed punishment at twenty-five years’ imprisonment
in the Institutional Division of the Texas Department of Criminal Justice and a fine of
$10,000. We affirm the judgment of the trial court.
I. SUMMARY OF THE EVIDENCE
           The evidence adduced during the punishment stage revealed that Appellant entered
a convenience store after ingesting cocaine and alcohol and pretended he had a gun under his
shirt and demanded money from the clerk. The clerk handed over the money and Appellant
left in a vehicle driven by another individual.
           The State called Albert Hansen to the stand. Hansen worked at a convenience store
that Appellant had robbed on September 30, 1993. Hansen testified that Appellant entered
the store with two accomplices. Appellant showed a gun and demanded that Hansen hand
over the money. When Hansen gave Appellant the money, Appellant stated, “Now you’re
going to die.” Appellant’s gun was pointed at Hansen and he feared for his life. Hansen
turned and he saw a muzzle flash from the first accomplice who had entered the store. The
bullet severely injured two fingers on his hand and lodged in his cheek bone. The three then
left the store. Hansen testified that while Appellant was not the shooter, he appeared to be
the ringleader in the attack.
           During the State’s closing argument, the following exchange occurred:
STATE:He turned 17, the first time we get to look at his behavior. 
What’s he doing? Committing crimes. He’s carrying weapons,
he’s running with a gang, he goes out there, commits a robbery,
blows a man’s fingers off, shoots a man in the face--
 
DEFENSE:Objection, Your Honor. There is no evidence that he did any
shooting. 
 
COURT:Explain, please.
 
DEFENSE:That’s improper, Your Honor.
 
COURT:All right. He’s going to clarify.
 
STATE:The law of parties says a person is equally responsible when
they’re acting in concert with another person. If you go into a
bank robbery and you go with someone to rob a bank, that
person shoots and kills somebody, of course you’re responsible,
just as if you pulled the trigger. And even more so, you’ve
heard the testimony. This man told him, said, “Now you’re
gong to die.” He was directing it. He was directing for Mr.
Hansen to get shot. And you know where that shot went.
 
DEFENSE:Objection, Your Honor. There was no evidence--first of all, we
need to request the Court instruct the Jury to disregard the
previous statement. And then the prosecutor is completely
disregarding that and says he was directing. He said, no, they
thought he was directing.
 
COURT:Thank you. Ladies and Gentlemen, you 12 together will recall
what the evidence was. With regards to the statements made by
Mr. Ferguson, I believe he has clarified. The statement was that
acting in concert with others, those things happened.
 
DEFENSE:Request a mistrial, Your Honor.
 
COURT:Overruled. 
II. DISCUSSION
           In Appellant’s sole issue, he contends that the counsel for the State utilized improper
jury argument. Specifically, he asserts that the prosecutor argued outside the record.
           Proper jury argument consists of: (1) summation of the evidence; (2) reasonable
deductions from the evidence; (3) answer to argument of opposing counsel; and (4) a plea
for law enforcement. Alejandro v. State, 493 S.W.2d 230, 231-32 (Tex. Crim. App. 1973);
Laca v. State, 893 S.W.2d 171, 184-85 (Tex. App.--El Paso 1995, pet. ref’d). A prosecuting
attorney is permitted in his argument to draw from the facts in evidence all inferences which
are reasonable, fair, and legitimate, but he may not use the jury argument to get before the
jury, either directly or indirectly, evidence which is outside the record. Borjan v. State, 787
S.W.2d 53, 57 (Tex. Crim. App. 1990) (citing Jordan v. State, 646 S.W.2d 946, 948 (Tex.
Crim. App. 1983)).
           In Green v. State, 698 S.W.2d 776 (Tex. App.--Fort Worth 1985, pet. ref’d), the
prosecutor made the following argument:
You see, when I was talking to you yesterday, I had the advantage over you
twelve people because I knew at that time of the type of conduct that Orlando
Craig Green was capable of-- 
 
WITHROW: Your Honor, I'm going to object to that argument, suggesting
some special knowledge on the part of this prosecutor outside the record that
they should consider.
 
THE COURT: No, they’re not going to consider it. It’s a subjective point.
Overruled.
 
WITHROW: You’re overruling my objection?
 
THE COURT: Overruled.
 
WITHROW: Thank you, Your Honor.
 
PROSECUTOR:--knew what he was capable of based on what I knew the
evidence in this case was going to show, the evidence of April the 18th, 1984. 
(Emphasis ours).

           Id. at 779-80.

           The court stated that while counsel may draw reasonable deductions from the
evidence, it is not permissible for counsel to inject their personal opinions into the argument,
because that might convey to the jury that they have bases for their conclusions in addition
to the evidence before the jury. Id. at 780. However, the court held that although the
comment verged on being improper, the prosecutor limited the basis for his comments to the
facts before the jury; therefore, the comment was not improper. Id.
           We have a similar situation in the present case regarding arguing outside the record. 
While the initial comment seemingly misstated who was the actual shooter, the explanation
which corrected the statement in light of the law of parties, ameliorated any impropriety in
the argument.


 Accordingly, we overrule Appellant’s sole issue on appeal.
           Having overruled Appellant’s sole issue on review, we affirm the judgment of the trial
court.
                                                                  RICHARD BARAJAS, Chief Justice

August 31, 2005

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)