Theodore JONES, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 58463.

Court of Criminal Appeals of Texas,
Panel No. 1.

Dec. 23, 1980.

Rehearing Denied Feb. 18, 1981.

William H. Sargeant and Robert K. Eason, Jr., Dallas, for appellant.

Henry W. Wade, Dist. Atty., Stephen J. Wilensky and Reed Prospere, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and DOUGLAS and W. C. DAVIS, JJ.

## OPINION

ONION, Presiding Judge.

This appeal is from a conviction for possession of heroin with two prior felony convictions alleged and proven for enhancement of punishment. See V.T.C.A., Penal Code, § 12.42. The punishment was assessed at life imprisonment by the court after the jury found the appellant guilty and that he was twice previously convicted of felonies as alleged in the indictment.

Initially, on appeal appellant contends the court erred in overruling his timely objection to the admissibility of exhibits and evidence elicited from an expert witness which failed to show that the substance in question had been analyzed by a qualified chemist or technician.

E. H. Foerster, assistant toxicologist with the Dallas County Criminal Investigation Laboratory, testified the substance in question was delivered to him for analysis and that a quantitative analysis showed the substance to be heroin and methaparaline.

On cross-examination, he admitted he had not personally performed the analysis and did not know whether it was performed correctly, but that it was performed under his supervision. On re-direct examination, he related an Angelia Wu performed the analysis, and while she worked under the supervision of other persons, he considered her as under his supervision with substances he received. He stated that he took the results of the gaschoamatography and the mass-spectrometry tests performed by Wu and compared them against reference curves (curves retained on known substances as heroin) and reached his own judgment.

In *Roberts v. State*, 537 S.W.2d 461 (Tex. Cr.App.1976), this court wrote:

"In *Kent v. State*, 374 S.W.2d 671 (Tex. Cr.App.), a properly qualified expert testified that other qualified experts under his supervision had performed the relevant tests. This Court held:

" 'A chemist under whose supervision laboratory analysis of certain specimens are made, by *another chemist* in said laboratory, may testify from records of the laboratory as to the results thereof.'

Accord: *Alvarez v. State*, 508 S.W.2d 100 (Tex.Cr.App.); *Norris v. State*, 507 S.W.2d 796 (Tex.Cr.App.); *Boatright v. State*, 472 S.W.2d 765 (Tex.Cr.App.). In addition, the custodian of the business records of a laboratory may testify as to test results under circumstances in compliance with Art. 3737e, V.A.C.S., and *Coulter v. State*, 494 S.W.2d 876 (Tex.Cr. App.). *Norris v. State*, supra."

Thus, it is clear that when the witness has not personally performed the analysis

of the substance submitted there are two methods of introducing the results of the analysis. Foerster did not testify he was the custodian of the business records of the laboratory, thus the second method of proof is not here involved. The first method requires an expert witness under whose supervision the tests have been run by another chemist, laboratory technician or other qualified expert.

In the instant case Foerster testified the analysis was performed by an Angelia Wu who worked for him, but also worked under the supervision of other persons. The record does not reflect Wu's qualifications. She was not shown to be a chemist, lab technician, or otherwise qualified to perform the analysis or tests described. She may have been the janitoress or a trainee as far as this record is concerned. Foerster testified he personally compared the results of the tests against reference curves, but the correctness of his action depended upon the correctness of the tests performed by Wu. The State did not lay the proper predicate for admission of the exhibits under the first method described above. They were admitted over the repeated objections of the appellant that the proper predicate had not been laid for the admission of the exhibits. We decline to extend the rule that a qualified expert witness may testify from the records as to the results of laboratory tests run under his supervision when the qualifications of the person performing the tests is not shown.

The judgment is reversed and the cause remanded.

W. C. DAVIS, J., concurs in the result.

DOUGLAS, Judge, dissenting.

Appellant objected that the State had failed to lay the proper predicate for the admission of the results of the laboratory tests. This objection is not sufficient. Appellant did not specify why or how the proper predicate had not been laid:

"MR. EASON: (Defense Counsel) Your Honor, at this time we would object to the introduction of State's Exhibit No. 1, 2, 3 and 4 for the reasons that it is our position that they were obtained as a result of their legal (sic) search and seizure, and we further object that the testimony of this man should not be admissible but should be stricken from the record because it's not the best evidence and the analysis was not performed by him.

The predicate has not been laid to allow him to bring this into evidence and for those reasons we object.

" * * *

"MR. EASON: Your Honor, I object to that because he has not laid the proper predicate and anything he says will be hearsay.

"THE COURT: You are reading from the official records, did you check those reports?

"THE WITNESS: Yes, sir.

"THE COURT: Overruled."

*Roberts v. State*, 537 S.W.2d 461 (Tex.Cr. App.1976), answers appellant's "best evidence" contention.

In *Canada v. State*, 589 S.W.2d 452 (Tex. Cr.App.1979), this Court wrote:

"... An objection that the proper predicate has not been laid is too general and does not merit consideration. *Boss v. State*, 489 S.W.2d 582 (Tex.Cr.App.1972); *Russell v. State*, 468 S.W.2d 373 (Tex.Cr. App.1971). See *Bennett v. State*, 394 S.W.2d 804 (Tex.Cr.App.1965), and 5 Tex. Jur.2d, Section 171."

See *Paige v. State*, 573 S.W.2d 16 (Tex.Cr. App.1978).

No reversible error is shown.

The judgment should be affirmed.