Jay Michael KNAPPER, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–81–447–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 18, 1982.

Charles Newlin, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before PAUL PRESSLER, MURPHY and SAM ROBERTSON, JJ.

MURPHY, Judge.

Jay Michael Knapper (appellant) brings his appeal from a jury conviction for possession of a controlled substance, namely cocaine, over his plea of not guilty. Appellant received a two year probated sentence. In contention is whether police officers violated appellant's fourth amendment rights, if the court improperly admitted a chemist's report, and whether the state had proved appellant had care, custody and control of the cocaine beyond a reasonable doubt. We affirm.

Houston Police Officers Stewart and Castillo observed appellant's arrival on a flight from Florida at Houston Intercontinental Airport. After determining appellant's behavior conformed to the "drug courier profile" promulgated by the Drug Enforcement Agency (DEA), the officers approached appellant and requested permission to see identification and his airplane ticket. Appellant provided a New York driver's license and stated he had discarded his ticket, which in fact the officers had observed him do. The officers proceeded to inform appellant he was under suspicion for drug activity and asked to search him and his luggage. Appellant consented to the search during which the officers found a loaded gun in a suitcase. The officers arrested appellant for a fire arms violation and conducted another search which produced the cocaine at issue.

In his first ground of error, appellant contends the court erred in admitting the cocaine sample because it was the product of an illegal search. Appellant cites numerous cases to support his contention but conveniently fails to mention *U. S. v. Mendenhall*, 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980), which is dispositive of appellant's first ground of error. In *Mendenhall*, the Supreme Court enunciates conduct by police officers which creates a "seizure" proscribed by the Fourth Amendment, e.g., the threatening presence of several officers, some physical touching of the person stopped, or tone of voice forcing compliance with the officer's commands. 100 S.Ct. at 1877. Absent these types of conduct, the Court held no "seizure" exists, and therefore, officers may have less than probable cause to detain the individual. *Id.* In the case here plain-clothes officers approached appellant and, after identifying themselves as policemen, requested some identification. They then asked if he would consent to a search of his luggage after proper advisement of his right to refuse to which request appellant assented. Upon finding a loaded automatic pistol, officers arrested appellant for a firearms violation, took him to the airport police office and conducted a more thorough search which produced the cocaine. At no time prior to his arrest did the officers subject appellant to coercion, threat or forced detention, nor could appellant, in view of all the surrounding circumstances prior to his arrest, have reasonably believed he was not free to leave. Moreover, the officers' actions in stopping appellant were clearly based upon reasonable, articulable suspicions and objective justifications in view of the circumstances, the officers' experience, and the drug courier profile. *Reid v. Georgia*, handed down in the same year as *Mendenhall*, and cited by appellant is distinguishable.

448 U.S. 438, 100 S.Ct. 2752, 65 L.Ed.2d 890 (1980). In that case an officer only observed the defendant occasionally looking back at a man carrying a shoulder bag similar to his, that the second man caught up with the defendant at the door, and that both men arrived from Fort Lauderdale known as a source for drugs prior to approaching them. Here the officers observed appellant, having arrived from Miami, a known drug source, going to great lengths to remove himself from the other deplaning passengers, continuously scanning the airport concourse, nervously and intently studying people around him, waiting for his baggage at a distance, and methodically folding his ticket prior to discarding it while slowly leaving the airport. We find the officers' actions comport with the principles of *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), as to proper police action, hold there was no proscribed seizure, and accordingly overrule appellant's first ground of error.

■ Appellant's second ground of error asserts the court improperly admitted the chemist's report. He maintains a chemist's report does not fall within the purview of article 3737e, Tex.Rev.Civ.Stat.Ann. (Vernon Supp.1978), and that Mr. Bobzean was not the proper person to testify to the report's contents. Appellant's citation of *Jones v. State*, 611 S.W.2d 64 (Tex.Cr.App. 1980) is inapposite to his contention that a chemist's report is not a 3737e business record. That case holds there are two methods to introduce such evidence, under 3737e or the testimony of an expert witness under whose supervision the tests were conducted by another chemist, technician or qualified expert. The record indicates both methods were employed to introduce the report. Mr. Bobzean, a properly qualified expert, testified that to his personal knowledge the report was made in the ordinary course of business by a person under his supervision near the time of the events at issue. He further testified Ms. Hill, who actually performed the tests, was a trained chemist. We overrule appellant's second ground of error.

■ In his third ground of error appellant asserts the state failed to prove he had care, custody, and control over the cocaine. In order to establish unlawful possession of a controlled substance the state must prove care, custody and control over the contraband and knowledge that the substance was contraband beyond a reasonable doubt. *Hernandez v. State*, 538 S.W.2d 127, 129 (Tex.Cr.App.1976); *Naquin v. State*, 607 S.W.2d 583, 586 (Tex.Cr.App.1980). The record reflects appellant had care, custody and control over the suitcase, that it contained clothing and a gun which belonged to appellant, that the cocaine was found in a pair of pants appellant's size, and that appellant knew the substance was cocaine. Moreover, despite the testimony of appellant's sister that she also had access to the suitcase, the evidence before us affirmatively links appellant to the cocaine so as to give rise to a reasonable inference that appellant knew of the existence of the cocaine and its whereabouts. *Taylor v. State*, 604 S.W.2d 175, 179 (Tex.Cr.App.1980); *Hernandez v. State, supra*, at 130. We overrule appellant's final ground of error and affirm the judgment of the trial court.

Affirmed.