Thomas Anthony NEPTUNE, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–83–00638–CR.

Court of Appeals of Texas,
Dallas.

Sept. 28, 1984.

Rehearing Denied Oct. 19, 1984.

S. Michael McColloch, David W. Coody, Bruner, McColl, McColloch & McCurley, Dallas, for appellant.

Henry Wade, Dist. Atty., Donald G. Davis, Asst. Dist. Atty., Dallas, for appellee.

Before STOREY, VANCE and ALLEN, JJ.

ALLEN, Justice.

Thomas Anthony Neptune appeals from his conviction for possession of cocaine, a controlled substance. Neptune asserts a number of grounds of error, one of which is that the evidence is insufficient to support his conviction. We agree with Neptune that the evidence is insufficient. Con-

sequently, we reverse and remand with instructions to enter an order of acquittal.

It is undisputed that Neptune was found in possession of a vial of white powder. What Neptune disputes is whether the State sufficiently proved that the white powder was cocaine. The only evidence on this point was the testimony of Dr. William T. Lowry. Dr. Lowry, who appears to have been fully qualified as a toxicologist, testified that his analysis of the powder revealed that it was cocaine. Upon cross-examination, Dr. Lowry admitted that he had not personally performed the analysis but implied, at least, that a person or persons under his supervision had performed it. He also admitted that he probably was not present in the laboratory to watch the performance of the analysis. In addition, he did not state the qualifications of the person or persons who did the analysis. The State failed to introduce the lab report on the analysis into evidence as a business record.

The State consequently failed to lay a proper predicate for the admission of Dr. Lowry's testimony that laboratory analysis revealed the substance to be cocaine. An expert witness may testify about the results of a laboratory analysis he did not personally perform only if he also testifies that a qualified expert under his supervision performed the analysis. *Jones v. State*, 611 S.W.2d 64, 65–66 (Tex. Crim.App.1981). The State may also introduce the lab report itself into evidence if the State complies with the requisites of the rules of evidence concerning introduction of business records. *Jones*, 611 S.W.2d at 65; *Knapper v. State*, 629 S.W.2d 865, 867 (Tex.App.—Houston [14th Dist.] 1982, no pet.).

The State attempts to distinguish *Jones* by comparing it to *Brooks v. State*, 642 S.W.2d 791, 793 (Tex.Crim.App.1982), a decision which held that the fact "[t]hat the toxicologist who testified did not personally test the heroin does not make his testimony about results obtained by his subordinates inadmissible hearsay." The State argues that the Court of Criminal Appeals ruled

this way, in contradistinction to *Jones*, because in *Jones* appellant had objected to the expert witness' testimony, whereas in *Brooks* "there appears to have been no such objection." The State says that since there was no objection to the expert's testimony in the present case, *Brooks* should control.

Actually, the opinion in *Brooks* is silent about whether there were any objections to the expert's testimony. There is no indication in *Brooks* that the State had not shown that the subordinates were fully qualified. *Brooks'* holding that the testifying expert's testimony was not inadmissible hearsay *merely* because the expert had not personally conducted the tests is quite consistent with the evidentiary requirements laid down in *Jones*.

The State's argument nonetheless raises the question of whether Neptune waived any complaint about the admission of this testimony by failing to object. Neptune's complaint is not, however, directed to the admission of inadmissible and prejudicial testimony. Rather, Neptune contends that the State failed to establish its case with probative evidence.

The rationale for the evidentiary requisites set forth in *Jones* is that unless those requisites are met, testimony on a drug analysis from an expert who did not personally conduct the analysis is inadmissible hearsay. *See Roberts v. State*, 537 S.W.2d 461, 463 (Tex.Crim.App.1976) (cited in *Jones*, 611 S.W.2d at 65). The rule in Texas is that an appellate court cannot consider inadmissible hearsay when reviewing the sufficiency of the evidence, even if there had been no objection to the admission of the hearsay. *Gutierrez v. State*, 628 S.W.2d 57, 64–65 (Tex.Crim.App.1982); *see also Denby v. State*, 654 S.W.2d 457, 460 (Tex.Crim.App.1983) (hearsay has no probative value). It may be that the new TEX.R.EV. 802, in conjunction with TEX. CODE CRIM.PROC. 38.02 (Vernon 1979), which mandates application of statutory rules of evidence in civil cases to criminal cases, will cause a change in this longstanding rule, since Rule 802 gives hearsay

admitted without objection probative value. However, even if Rule 802 does cause this change in the Texas rules of criminal evidence (and the Court of Criminal Appeals has yet to speak on the issue), Rule 802 can only be applied to a case if the trial in the case was held after September 1, 1983, the effective date of the new rules of evidence. *See Aquamarine Associates v. Burton Shipyard, Inc.*, 659 S.W.2d 820, 822 (Tex. 1983) (an October 19, 1983, decision which holds that trial court properly disregarded jury answers based on inadmissible hearsay not objected to, since such evidence would not support a judgment prior to September 1, 1983); *also Furr's Supermarket, Inc. v. Williams*, 664 S.W.2d 154, 157 (Tex.App.—Amarillo 1983, no writ) (a December 27, 1983, decision which declined to apply Rule 802 in sufficiency review). The trial in the present case was conducted in 1982.

This court consequently cannot consider the hearsay testimony of Dr. Lowry in its review of the evidence. There is thus no proof at all that the substance in the vial was cocaine. We must conclude that the evidence is insufficient.

Accordingly, we reverse and remand with instructions to enter an order of acquittal.