Kenneth Ray **ARDOIN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 09–84–033 CR.

Court of Appeals of Texas, Beaumont.

Oct. 17, 1984.

William G. Martin, Jr., Beaumont, for appellant.

John R. DeWitt, Asst. Criminal Dist. Atty., Beaumont, for appellee.

## OPINION

DIES, Chief Justice.

A jury found appellant guilty of "Delivery of Marihuana" of less than four ounces. After the defendant (appellant) pled "true" to an enhancement count, the jury assessed punishment at fifteen years in the Texas Department of Corrections. Appeal has been perfected to this Court.

Ground of Error Number 1: "The evidence presented to the jury by the State was insufficient to warrant a finding of Appellant guilty at the guilt-innocence stage of the trial."

George Audilet, an officer with the Beaumont Police Department for nineteen years, was on surveillance of appellant's residence on May 5, 1983. (He identified appellant in court.) He was working with two other officers, Collins and Cartwright. The witness saw Collins go into appellant's house and emerge with "a baggie of marijuana". (There was no objection as to the contents of the bag.) The witness initialed the bag and locked it up in the Police Department. The next day it went to the lab.

Officer Collins testified that he went to appellant's house, asked for "Carey", and purchased a bag of marijuana for $40; that he had been trained to recognize and had seen marijuana on many occasions; and that this was the substance appellant sold him that night.

Bill McClain, with the Regional Crime Laboratory, testified that part of his duties was to keep thier records and that the records of the laboratory tests indicated the substance sold Collins was "marijuana Cannabis Sativa L."

■ While there were some conflicts in the State's testimony, the evidence was certainly sufficient to support the finding by the jury of guilty. This ground of error is overruled.

Ground of Error Number 2: "The trial court committed fundamental and reversable [sic] error in overruling Appellant's timely objection to the testimony of State Witness, Bill McClain, in the presence of the jury, from a laboratory submittal report when the evidence failed to show that this expert witness supervised the test which had been run by another chemist whose qualifications were not shown."

■ The witness was custodian of the records of the Regional Crime Laboratory and testified that the entries in those records are made near or at the time of the transaction which they are describing. The tests described in the records involved in this case were conducted by chemist Dallari Gibbs. When the witness was asked what type tests were performed on the substance, the actual objection lodged by appellant was:

"We object to Mr. McClain testifying about any tests or results of tests unless he actually conducted them, Your Honor."

This is not the same as appellant's ground of error and, therefore, nothing is preserved for review. *McIlveen v. State*, 559 S.W.2d 815, 822 (Tex.Crim.App.1977). But, as usual, we address the ground of error in spite of the inadequacy of the objection. In *Jones v. State*, 611 S.W.2d 64, 65 (Tex. Crim.App.1980), the Court wrote:

"In addition, the custodian of the business records of a laboratory may testify as to test results under circumstances in compliance with Art. 3737e, V.A.C.S. . . . "[1]

This ground of error is overruled.

The judgment of the trial court is affirmed.

Affirmed.

---

**1.** A properly qualified expert may testify that other qualified experts under his supervision had performed the relevant tests. See, in addi-

tion to *Jones v. State, supra, Kent v. State,* 374    S.W.2d 671 (Tex.Crim.App.1963).