Benjamin F. SHIPLEY, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 04–86–00088–CR.

Court of Appeals of Texas, San Antonio.

March 31, 1987.

David R. Weiner, San Antonio, for appellant.

Sam Millsap, Jr., Former Dist. Atty., Fred G. Rodriguez, Dist. Atty., Jody Tullos, Raymond J. Hardy, Jr., San Antonio, for appellee.

Before BUTTS, DIAL and CHAPA, JJ.

## OPINION

CHAPA, Justice.

Appellant was convicted before a jury of aggravated sexual assault, and punishment was assessed at imprisonment for fifteen years. Appeal has been perfected to this Court.

In point of error number one, appellant claims the trial court committed reversible error in overruling appellant's motion for mistrial resulting from the prosecutor's remarks during closing argument. In the final argument to the jury, the prosecutor made the following statement:

> In order for you [to] believe that Karen [the complainant] lied about this rape, these are things that you have to believe.... She [the complainant] would have had to convince her lawyer, and the lawyer for the apartment complex to pay her $150,000.00 for nothing. They pay money. ... that kind of money for something, for damages. For pain, for suffering, for something that happened.

Appellant's objection was sustained by the trial court and the jury was instructed to disregard the comments of the prosecutor. Appellants' request for mistrial was overruled.

To be appropriate, jury arguments must fall within the areas of (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or (4) a plea for law enforcement. *Melton v. State,* 713 S.W.2d 107, 114 (Tex.Crim.App.1986) (en banc). In order to constitute reversible error, the jury argument must be extreme or manifestly improper, or inject new and harmful facts into evidence. *McKay v. State,* 707 S.W.2d 23, 36 (Tex.Crim.App. 1985) (en banc). It is well settled that the prosecutor may argue his opinions concerning issues in the case so long as the opinions are based on the evidence in the record and do not constitute unsworn testimony. *McKay,* 707 S.W.2d at 37.

In the instant case, the record reflects that in direct examination by the prosecutor, the complainant testified, without objection, that she had received a mon-

ey settlement from the civil suit arising from the same incident. The testimony further disclosed that the complainant had signed a nondisclosure agreement not to reveal the amount of the settlement. On cross-examination, appellant's counsel questioned the complainant extensively about the civil suit arising from the same incident. Because appellant's counsel insisted upon disclosing to the jury the amount of the settlement, an out-of-court hearing resulted in the Court ordering the disclosure to the jury. Thereafter, it was appellant's counsel who brought forth the testimony of the settlement in the amount of $150,000.00.

The record therefore discloses that in the alleged improper argument, the prosecutor was making a summation of the evidence that in fact had been elicited by the defense. This is an appropriate area of jury argument. A further complaint of the appellant is that the prosecutor's deductions from the said evidence were, according to the appellant, not reasonable. In effect the prosecutor was arguing that the sum of $150,000.00 is logically not paid without the existence of a valid and substantial claim. Considering the actual amount of the settlement was brought to the attention of the jury by deliberate and exhaustive efforts of the defense, it seems that the deduction was reasonable, and also a permissible area of jury argument.

■ Moreover, even if the argument was improper, the trial court's instructions to disregard sufficiently cured the harm, if any, to the appellant. Ordinarily, any injury from an improper jury argument is obviated when the court instructs the jury to disregard, unless the remark is so inflammatory that its prejudicial effect cannot reasonably be removed by such an instruction. *McKay*, 707 S.W.2d at 37; *Brown v. State*, 692 S.W.2d 497, 502 (Tex.Crim.App. 1985). In the case before us, the remark was not so inflammatory so as to constitute reversible error. Point of error number one is overruled.

The appellant cites *Darden v. State*, 629 S.W.2d 46 (Tex.Crim.App.1982) and *Stringer v. State*, 632 S.W.2d 340 (Tex.Crim.App.

1982). Both cases affirmed the trial court's denial of a motion for a mistrial because of improper jury argument by the prosecution.

In *Darden*, after the defense suggested that a 16 year old accused will make mistakes because of his youth, the prosecution countered with the suggestion that had the accused been six months older, he would have faced a capital murder charge. The court held the argument of the prosecution was a response to the defense and was not reversible error. *Citing, Alejandro v. State*, 493 S.W.2d 230 (Tex.Crim.App.1973).

In *Stringer*, after a verdict which was considered by the prosecution as too lenient on the accused, the prosecutor, in the punishment phase, argued that the jury had already compromised during the verdict deliberation and that the accused had been given enough of a break. The court affirmed the trial court's overruling of the objection, holding that the argument was not extreme or manifestly improper and did not inject new and harmful facts in evidence. *Citing, Kerns v. State*, 550 S.W.2d 91 (Tex.Crim.App.1977). These cases appear to sustain the State's position in this case.

■ In his last point of error, appellant claims the trial court committed reversible error in overruling appellant's motion for mistrial resulting from the prosecutor's remarks during argument regarding the testimony of one of the state's reputation witnesses.

In closing argument, the prosecutor made the following statement:
"What I am going to say is, you heard two witnesses come in here. One was a former co-worker of Mr. Shipley, who told you what his knowledge of the reputation for Mr. Shipley was for being truthful, and it is bad. And you heard Mr. Bryan, through an investigation and attempting to serve the fugitive warrant on Mr. Shipley, talked to alot of people that know Mr. Shipley."

Appellant's objection was sustained and the jury was instructed by the court that there was no evidence as to whom, if any-

one, Mr. Bryan had talked to and to disregard the remark. Appellant moved for a mistrial and was overruled.

Outside the presence of the jury, Mr. Bryan stated his knowledge of the appellant's reputation for truthfulness was based upon conversation with several persons. However, in the presence of the jury, the basis for his knowledge of the appellant's reputation was not stated. Therefore, clearly the remarks were outside the record and improper. Because the court immediately and correctly instructed the jury that no such evidence was presented and to disregard the remark, the question is whether the remark is so inflammatory that its prejudicial effect cannot reasonably be removed by such an instruction. *McKay* 707 S.W.2d at 37.

We note that the testimony of Bryan was cumulative to that of William Todd Wehner. Wehner had worked with the appellant and had a personal opportunity to know the reputation of the appellant for truthfulness. Therefore we hold that the remarks of the prosecutor were not so inflammatory that any prejudicial affect could not have reasonably been removed by the court's instruction. The timely and proper instruction of the trial court cured any defect, and appellant's last point of error is overruled.

The judgment of the trial court is affirmed.