Johnson-AW 







AFFIRMED
DECEMBER 31, 1990

NO. 10-90-003-CR
Trial Court
# 23,448
IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

          ALLEN WAYNE JOHNSON,
                                                                                            Appellant
          v.

          THE STATE OF TEXAS,
                                                                                            Appellee

* * * * * * * * * * * * *

 From 13th Judicial District Court
Navarro County, Texas

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
          A jury convicted Allen Wayne Johnson, Appellant, of the offense of delivery of a
controlled substance and sentenced him to 75 years in prison. He now appeals by eight points of
error, complaining that the court erred in denying his motion for an instructed verdict, in allowing
allegedly improper jury arguments, and in admitting certain testimony during the punishment
phase of the trial. All points will be overruled and the judgment affirmed.
          The record reveals that on May 20, 1989, Corsicana Police Officer John Semetco was
working "undercover" and was introduced to Johnson. Semetco gave Johnson $225 and Johnson
promised he would be back the next day with drugs. Semetco testified that he did not see Johnson
again until June 21, 1989, when Johnson gave him a ziplock bag containing a yellow-brown
substance which he believed to be methamphetamine. Charles Mott, who is in charge of the
Department of Public Safety lab in Waco, testified that the substance was methamphetamine. 
Johnson took the stand and denied selling the officer drugs.
          Johnson asserts in his first point of error that the court erred when it denied his motion for
an instructed verdict because there was "insufficient evidence due to the fact that the State failed
to properly prove that Appellant delivered methamphetamine." Johnson's motion at trial was as
follows: 
 Your Honor, at this time we would make a Motion for Instructed Verdict by
reason of insufficient evidence.
 
 Number two, there is no connection between the State's Exhibit No. 1 and 1-A
with Officer John Semetko.

Johnson insists that the evidence is insufficient to support his conviction because the State failed
to properly submit proof of the analysis of the substance. Mott testified that although he may not
have been present when the substance was analyzed, he was "in the lab in and around as a chemist
was doing it," and that all of the analyses are done under his "direction and control." Citing
Neptune v. State, 679 S.W.2d 168 (Tex. App.--Dallas 1984, pet. ref'd), Johnson alleges that the
State failed in its burden because Mott did not testify about the qualifications of the person who
actually analyzed the substance, nor did the State offer into evidence a lab report on the substance
as a business record.


 Neptune's two methods of introducing laboratory test results are as follows:
          1.       "An expert witness may testify about the results of a laboratory analysis he did not
personally perform only if he also testifies that a qualified expert under his
supervision performed the analysis." Id. at 169.
 
          2.       "The State may also introduce the lab report itself into evidence if the State
complies with the requisites of the rules of evidence concerning introduction of
business records." Id. 

These methods were derived from Jones v. State, 611 S.W.2d 64 (Tex. Crim. App. [Panel Op.]
1980), and the first of such methods was employed in this case. In Neptune, the witness only
"implied" that a person under his supervision had performed the analysis (Neptune, 679 S.W.2d
at 169), and in Jones the witness testified that the analysis was performed by someone who worked
for him, but who also worked under the supervision of other persons. Jones, 611 S.W.2d at 66. 
The distinction between the present case and Neptune and Jones is that here the witness stated that
the analysis was performed by a chemist under his direction and control. The court in Jones
points out that the person performing the analysis was not shown to be a "chemist, lab technician,
or otherwise qualified to perform the analysis or tests described." Id. (emphasis added). We hold
that the evidence presented by the State was sufficient, and accordingly, this point is overruled.
          In his next two points, Johnson maintains that the court erred when it overruled his
objection to the prosecutor's comments on matters outside of the record made during jury
argument at the guilt stage of the trial. The prosecutor's statements were made in response to the
following argument by Appellant's counsel:
Mr. Semetco was working for the Corsicana Police Department at that time. 
He's not a resident of this county, had never lived here before; but here's a man
with a master's degree from Texas Tech, 45 years of age and wants to come to
work for the Corsicana Police Department, not Houston, not Dallas, not Fort
Worth, but Corsicana; and he makes a salary he says of about $1800 a month. A
master's degree. He could be making three and four times that much money
somewhere else. Why I ask you? A man 45 years old? Is he a total failure at
other things he's done that he would want to do that, or does he have such an ego
he just wants to go out and arrest people or wear a gun. I think you should take
that into consideration as to whether or not you're going to believe his story. 

The challenged comments made by the prosecutor which followed were:
 Maybe it offends you that there's somebody out there that's educated that might
want to get into public service that might have a master's degree. If that's it, you
can turn him loose. I've got people in there, three of them with doctor's degrees--"
and "I don't know what the school district pays all the teachers but there's a lot of
awfully good ones that don't make $1200. Let's throw them out.

First, Johnson's counsel invited the prosecutor's comments by leaving the record in his own
argument. Specifically, he stated that Semetco "could be making three and four times that much
money." See Reynolds v. State, 505 S.W.2d 265, 266 (Tex. Crim. App. 1974) (holding that if
the defendant's counsel goes outside of the record in his argument, the prosecutor is then also
permitted to go outside the record to respond). Second, even if Johnson were correct that the
prosecutor's response exceeded the boundaries of proper jury argument because it included matters
outside the record, the response was harmless. For reversible error to exist, "the jury argument
must be extreme or manifestly improper, or inject new and harmful facts into evidence." Shipley
v. State, 729 S.W.2d 349, 350 (Tex. App.--San Antonio 1987, no pet.). The prosecutor's
argument was not extreme or manifestly improper, especially in light of Appellant's counsel's
remarks, nor did it inject new and harmful facts into evidence. These outside-of-the-record
comments did not add any information pointing to Johnson's guilt. The jury members, more than
likely, already realized that there are other people, who, for one reason or another, receive less
money for their work than they may be worth. Points two and three are overruled.
          In Johnson's next two points he complains about the State's jury argument made at the
punishment phase of the trial. By point four, Johnson alleges that the court erred when it
overruled his objection to the prosecutor's telling the jury that "he had brought them all the
evidence that was legally admissible" and, by point five, he contends that the court erred in
denying his motion for a mistrial because the prosecutor "told the jury that if they gave [Johnson]
less than 60 years they would regret it when they picked up a paper and somebody told them
something else about the case." 
          While the first statement by the prosecutor, that he had brought to the jury all of the
evidence which was "legally admissible," may have implied that there was other evidence against
Johnson which was legally inadmissible, the statement was not manifestly improper and it injected
no new and harmful facts into evidence. See id. Without a doubt, the next challenged comment
was improper because it actually informed the jury that there was other evidence that it had not
heard, but would discover later. However, the court properly sustained Johnson's objection and
instructed the jury to disregard the statement. In a similar situation, the court in Green v. State,
698 S.W.2d 776, 781 (Tex. App.--Fort Worth 1985, pet. ref'd), held that the prosecutor's
statement that "there were questions and answers which were not allowed before the jury,"
although improper, did not constitute reversible error because it did not place before the jury any
new and harmful facts. In Green there was no instruction to disregard the comment, as there was
in this case. See id. Likewise, in Mims v. State, 466 S.W.2d 317, 318 (Tex. Crim. App. 1971),
the court, even though the trial court had failed to sustain the defendant's objection and instruct
the jury to disregard, refused to reverse on the defendant's complaint that the prosecutor stated
to the jury, "The unfortunate thing is that you people don't get to know what we know, so you
have to use common sense . . . ." The court in Mims held that, while the argument was improper,
"no statute was violated and no new and harmful fact was injected in this case." Here, not only
were there no new and harmful facts presented to the jury, the court instructed the jury not to
consider the statement. Points four and five are overruled. 
          During the punishment phase of the trial, an assistant district attorney testified that he had
been acquainted with Johnson since 1977, and that as part of his experience in the criminal justice
system he had had occasion to come in contact with many criminals and to examine rehabilitation
efforts provided for them. After this testimony, the witness was asked if he had an opinion as to
whether or not Johnson could be rehabilitated. Johnson's counsel objected to this question by
stating: "We object. It's not a proper question for this proceeding." A similar objection was
made to the same question posed to another witness who testified that he was a narcotics
investigator with the Navarro County Sheriff's Department, that he had known Johnson for about
12 or 15 years, and that he had had occasion to see people who have been to the penitentiary in
rehabilitation programs. This objection was phrased: "Objection as not pertinent to this
transaction." Johnson's counsel also objected to a question as irrelevant and immaterial which
asked the narcotics investigator if rehabilitation programs work sometimes. 
          In his final three points, Johnson claims the court erred in (1) allowing the assistant district
attorney to testify that in his opinion Johnson could not be rehabilitated, (2) allowing the narcotics
investigator to testify that in his opinion penitentiary rehabilitation programs occasionally work,
and (3) allowing the narcotics investigator to testify that in his opinion Johnson could not be
rehabilitated in a penitentiary program. Johnson states in his brief:
 Witness Jackson and witness Spencer did not testify as to qualifications,
experience, or expertise in the field of rehabilitation of persons charged with crime. 
They were not shown to have given study to the matter, to have evaluated any
rehabilitation program, to have evaluated a rehabilitation program Appellant may
have attended in the past, to have observed Appellant in conditions that would give
their opinion credence; they did not testify to any facts other than knowledge of
Appellant or acquaintance with Appellant that would justify their opinions. Their
testimony amounted to mere conclusion on their part. They showed no knowledge
of rehabilitation programs--the different kinds, the locations thereof, the percentage
of success with such programs. They were not shown to be instructors in such
programs or participants in any shape, form, or fashion. 

We cannot consider this argument that the witnesses were not qualified because there was no
specific objection made about this at trial. See T.R.A.P. 52(a). The objections which were made
were too general, and consequently preserved no error, if any, in allowing this testimony. See
Simpson v. State, 507 S.W.2d 530, 534 (Tex. Crim. App. 1974). Points six, seven and eight are
overruled, and the judgment is affirmed.
 
                                                                                                                                                                                                               TERRY R. MEANS
DO NOT PUBLISH                                                     Justice

[Participating: Chief Justice Thomas, Justice Means and Justice Hall (Retired)]